|  |  |
|---|---|
| SAID FARZAD, | NO. CV |
| Petitioner, | |
| vs. | MEMORANDUM IN SUPPORT OF PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS |
| SNOHOMISH COUNTY SUPERIOR COURT; MARK ROE, Snohomish County Prosecuting Attorney; ROBERT FERGUSON, Washington State Attorney General, | |
| Respondents. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**MEMORANDUM IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS**

Said Farzad, by and through his attorney Assistant Federal Public Defender Jesse Cantor, respectfully requests that this Court issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Mr. Farzad is currently awaiting sentencing on a conviction for Felony Telephone Harassment, RCW 9.61.230(2). Cantor Declaration, ¶16.[1] As detailed below, the jury reached an implied acquittal of the charge but found him guilty of the lesser charge of misdemeanor telephone harassment. That conviction was reversed. *State v. Farzad*, 198 Wash. App. 1018 (Wash. App. 2017) (unpublished). Mr. Farzad was retried on the felony telephone harassment charge, in violation of the Ninth Circuit's decision in *Brazzel v. Washington*, 491 F.3d 976 (9th Cir. 2007) – analyzing jury instructions

---

[1] The Declaration of Jesse Cantor ("Cantor Declaration") is filed herewith.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 1
(*Said Farzad*)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

identical to those at issue in this case.  He was convicted but has not yet been sentenced.  Although it is too late for this Court to prohibit the State from retrying Mr. Farzad in violation of the Double Jeopardy Clause, Mr. Farzad seeks a writ declaring that any further proceedings would violate the Double Jeopardy Clause and prohibiting the State from continuing with those proceedings, including sentencing or entering a Judgment and Sentence.

In *Daniels v. Pastor*, No. C09-5711BHS, 2010 WL 56041 (W.D. Wash. Jan. 6, 2010), a court in this district granted a § 2241 petition involving essentially identical facts to this case, concluding that to do otherwise "would ignore the binding statements in *Brazzel*." *Id.* at *3.  In *Glasmann v. Pastor*, No. C15-5924RJB (W.D. Wash., April 8, 2016), dkt. 39, another court granted a § 2241 petition, again involving essentially identical facts.  In other proceedings involving *Glasmann*, the State conceded that the federal courts are "'duty-bound' to grant relief in a habeas corpus proceeding under *Brazzel*" under facts such as these.  *See Brief in Response to Petition to Certiorari*, *Glasmann v. Washington*, 136 S.Ct. 357 (Mem) (2015) (No. 15-36), 2015 WL 5439773, at *29.

This is Mr. Farzad's first petition for a writ of habeas corpus.

## JURISDICTION

Mr. Farzad invokes this Court's jurisdiction pursuant to 28 U.S.C. § 2241.  He is currently awaiting sentencing in Case No. 14-1-01917-8, Snohomish County Superior Court.

Mr. Farzad is "in custody" for purposes of § 2241.  As stated in *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009), when deciding whether the court could hear petitioner's double jeopardy claim, "Under the Supreme Court's past decisions, [being released on one's own recognizance] would have sufficed to confer habeas jurisdiction under § 2241(c)(3)."  *See also*, *e.g.*, *United States ex rel. Russo v. Superior Ct. of N.J.,*

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 2
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  *Law Div., Passaic Cty.*, 483 F.3d 7, 12 (3d Cir. 1973) (concluding that petitioner could
2  present double jeopardy violation claim in habeas petition even though he was released
3  on bail awaiting retrial); *Bowser v. Farber*, No. CIV. A. 06-0357(SRC), 2006 WL
4  278913, at *1 (D.N.J. Feb. 2, 2006) ("A state defendant released on bail is 'in custody'
5  within the meaning of § 2241."); *cf. Hensley v. Municipal Ct.*, 411 U.S. 345, 346, 351
6  (1973) (holding that a petitioner, who had been convicted but released on his own
7  recognizance pending sentencing, was "in custody" "within the meaning of the federal
8  habeas corpus statute").

9      Mr. Farzad brings this action pursuant to 28 U.S.C. § 2241.  The Ninth Circuit has
10 specifically recognized that "a habeas petition raising a double jeopardy challenge to a
11 pending retrial in state court is properly treated as a petition filed pursuant to 28 U.S.C.
12 § 2241," not § 2254.  *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009), citing *Stow*
13 *v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004).  Although Mr. Farzad has already been
14 tried, he is still pending sentencing.  The rationale of *Stow* is that the phrase "in custody
15 pursuant to the judgment of a State court" is "the threshold requirement for § 2254."  389
16 F.3d at 885.  Although he has had a retrial, Mr. Farzad is, like Stow and Wilson, also not
17 in custody pursuant to a judgment of the state court; rather, he is "in custody" awaiting
18 that judgment.

19     Relief is appropriate for Mr. Farzad now, before his conviction is final and he is
20 sentenced, because the protections of the Double Jeopardy Clause "would be lost if the
21 accused were forced to 'run the gauntlet' a second time before an appeal could be taken .
22 . . ." *Smalis v. Pennsylvania*, 476 U.S. 140, 143 n.4 (1986) (internal quotation marks and
23 citation omitted).  Although he has been forced to run part of the gauntlet through a
24 second trial, he should not be forced to run the remaining parts of the second proceeding.

25

26

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 3
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

# STATEMENT OF THE CASE

## A. Background

The facts underlying the alleged offenses are not relevant to the issue before this Court. To summarize briefly, Mr. Farzad, while working in his capacity at the time as a treating psychologist with indigent clients with mental health conditions, was alleged to have made several phone calls to an insurance company related to their denial of prescriptions that he had written for those indigent patients. The State alleged that during some of these phone calls then-Dr. Farzad used references to shooting and bombing. The State's charges were predicated on a theory that Mr. Farzad intended to place the call takers in fear, but the State has at no time contended that Mr. Farzad had any intent to carry out the threats. (Mr. Farzad says "alleged," because, although the second jury convicted him, the first jury impliedly acquitted him.)

## B. Charges and Trial[2]

In Snohomish County Superior Court (Case No. 14-1-01917-8), the State charged Mr. Farzad in a First Amended Information with two crimes, Felony Telephone Harassment – Threat to Kill and Threats to Bomb and Injure Property. Cantor Declaration, Ex. 1. At the conclusion of Mr. Farzad's trial, the court delivered the Washington State pattern jury instruction for cases involving multiple charges related to the same incident. Court's Instruction 14, Cantor Declaration, Ex. 2, pp. 17-18; *see also* Wash. Crim. Jury Instr. 155.00. The instruction read in relevant part:

> If you cannot agree on a verdict, do not fill in the blank provided on Verdict Form A. . . . If you find the defendant not guilty of the [higher crime], or if after full and fair consideration of the evidence you cannot agree on that crime, you will consider the lesser crime of Telephone Harassment.

Court's Instruction 14, Cantor Declaration, Ex. 2, p. 18.

---

[2] Mr. Farzad was represented at trial by Paul Thompson and Braden Pence. Mr. Thompson's address is Snohomish County Public Defenders, 2722 Colby Ave Ste 200, Everett, WA 98201-3527. Mr. Pence's address is 3002 Colby Ave Ste 302, Everett, WA 98201-4081.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 4
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  The jury deliberated for approximately one day. Cantor Declaration, ¶5, Ex. 3, pp. 14-15. It asked two questions, but neither related to Instruction 14. Cantor Declaration, ¶6, Ex. 4. The jury left blank the verdict form for Felony Telephone Harassment. Cantor Declaration, Ex. 5. It returned a guilty verdict on Misdemeanor Telephone Harassment. Cantor Declaration, Ex. 6. The trial court did not make any inquiry or finding as to whether the jury was deadlocked on the charge of Felony Telephone Harassment. Cantor Declaration, Ex. 7 at transcript p. 593. The State specifically rejected the court's offer to inquire further of the jury on this count. *Id.* The court did not declare a mistrial on this court. And the jury did not offer any descriptions of its deliberations or conclusions in that respect. *Id.* at transcript pages 591-93.

The jury also did not reach a verdict on Count 2, Threats to Bomb and Injure Property. But unlike with Count 1, the jury expressly declared that they were deadlocked as to Count 2. The court found that "[t]he jury is hopelessly deadlocked. There is no reasonable possibility that further deliberations will result in any further verdict." Cantor Declaration, Ex. 8, p. 1. *See also,* Cantor Declaration, Ex. 7 (transcript of court's inquiry to jury regarding Count 2 at transcript page 592-92). The trial judge then dismissed the jury. *Id.* at transcript page 593.

**C. Post-Trial Proceedings[3]**

The court, consistent with the State's recommendation, sentenced Mr. Farzad to 364 days, with all of that suspended. Cantor Declaration, Ex. 9, Ex. 10. Mr. Farzad appealed his conviction. The Court of Appeals reversed the misdemeanor charge in an unpublished decision, on the ground that the jury instructions allowed the jury to convict based on acts other than those charged in the Amended Information. *State v. Farzad*, 198 Wash. App. 1018 (Wash. App. 2017). The State refiled the original charges. Mr. Farzad failed to argue that the Double Jeopardy Clause barred a retrial on the Felony Telephone

---

[3] Mr. Farzad was represented on his appeal by Jennifer Sweigert. Her address is 1908 Madison St, Seattle, WA. 98122-2842.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 5
(*Said Farzad*)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

Harassment. The matter proceeded to retrial and Mr. Farzad was convicted of Felony Telephone Harassment, but was acquitted of Threats to Bomb and Injure Property. Cantor Declaration, Ex. 11.

### D. Custodial Status

Mr. Farzad is currently free on his own recognizance, awaiting sentencing, which is currently scheduled to occur on December 12, 2017. [4] *See* Cantor Declaration, ¶16.

### CLAIM FOR RELIEF

Subjecting Mr. Farzad to a second trial on the greater charge of Felony Telephone Harassment – where the first jury was silent on this greater charge and convicted on the lesser alternative charge – violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. While that violation cannot be undone, any further proceedings on that matter continue to violate the Double Jeopardy Clause.

### A. Section 2254(d) Does Not Limit This Court's Ability to Grant Appropriate Relief.

Before addressing the merits of the claim, it should be noted that a habeas petition such as this one is filed pursuant to Section 2241, as opposed to Section 2254, and thus "is not reviewed under the deferential standards imposed by AEDPA." *Wilson*, 554 F.3d at 828 (citing *Stow v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004)). *Accord*, *Harrison v. Gillespie*, 640 F.3d 888, 897 (9th Cir. 2011) (*en banc*). Thus, should this Court conclude – consistent with *Brazzel* – that the federal Constitution precludes any further proceeding in the retrial of Mr. Farzad on the greater charged offense and that it instead allows retrial only on the lesser alternative charge, then relief must be granted.

---

[4] Mr. Farzad is still represented in Superior Court by Paul Thompson. His address is Snohomish County Public Defenders, 2722 Colby Ave Ste 200, Everett, WA 98201-3527.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 6
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

B.  Background

    1.  The Double Jeopardy Clause

The Double Jeopardy Clause protects people from facing prosecution for the same offense more than once.  This right predates the Constitution:  "Fear and abhorrence of governmental power to try people twice for the same conduct is one of the oldest ideas found in western civilization."  *Bartkus v. Illinois*, 359 U.S. 121, 151 (1950) (Black, J. dissenting).  "The underlying idea…is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."  *Green v. United States*, 355 U.S. 184, 187-88 (1957).

The United States Supreme Court applied this general prohibition to the situation at issue here in *Green* and in *Price v. Georgia*, 398 U.S. 323 (1970).  In those cases, the Supreme Court held that when a jury finds a defendant guilty of a lesser charge and remains silent on a greater charge, then in the event of a successful appeal he cannot be retried for the greater charge.  The jury's silence on the greater charge in this situation has sometimes been referred to as an "implicit acquittal."  *Green*, 355 U.S. at 190.  But the bar against retrial does not necessarily rest on any assumption that the jury found the defendant not guilty of the greater offense.  *Id.* at 190-91.  It is sufficient for double jeopardy purposes that the jury was "given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so."  *Id.* at 191.  Once that is established, the jury's silence is "treated no differently" than an acquittal, insofar as it terminates the State's single opportunity to obtain a conviction on the charge.  *Id.*; *accord Price*, 398 U.S. at 328-29.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 7
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

1    To be sure, it has long been settled that the government may retry a defendant after "a trial court's declaration of a mistrial following a hung jury . . ." *Richardson v. United States*, 468 U.S. 317, 326 (1984).  This is because "[t]he Government, like the defendant, is entitled to resolution of [a] case by verdict from the jury . . ." *Id.; see also Arizona v. Washington*, 434 U.S. 497, 509 (1978) ("genuinely deadlocked jury" allows retrial); *Selvester v. United States*, 170 U.S. 262, 269 (1897) (retrial is permissible when a jury's "disagreement is formally entered on the record" but not when jury is "silent").  But absent a hung jury or some other type of mistrial that prevents the jury from issuing a verdict, "the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial." *Arizona v. Washington*, 434 U.S. at 505.

**2. "Unable to Agree" Instructions**

In light of this double jeopardy framework, "[t]he form in which the jury is asked to decide [cases involving lesser included offenses] takes on a real importance." James A. Shellenberger & James A. Strazzella, *The Lesser Included Offense Doctrine and the Constitution:  The Development of Due Process and Double Jeopardy Remedies*, 79 MARQ. L. REV. 1, 181 (1995).  Two basic approaches predominate.  Many jurisdictions, not including Washington, use an "acquittal first" instruction, requiring juries to unanimously convict or acquit the defendant of an offense before considering less serious charges.  Such an instruction avoids any double jeopardy problem by requiring the jury either to render a verdict on the most serious charge, which terminates jeopardy, or to hang without reaching any other charges, thereby allowing a new trial on all charges. *See, e.g.,* Cal. Jury Inst. – Crim. 17.10; *State v. Davis*, 266 S.W.3d 896, 905-08 (Tenn. 2008); *People v. Boettcher*, 505 N.E.2d 594, 597 (N.Y. 1987).

In an opinion surveying the pros and cons of the predominant approaches, Judge Friendly observed that such an instruction also "avoid[s] the danger that the jury will not adequately discharge its duties with respect to the greater offense, and instead will move

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 8
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

too quickly to the lesser one." *United States v. Tsanas*, 572 F.2d 340, 346 (2d Cir. 1978). At the same time, an acquittal first instruction increases the odds that a new trial will be necessary, because the instruction can "prevent the Government from obtaining a conviction on the lesser charge that would otherwise have been forthcoming" when the jury is divided on the greater offense but would, if allowed, unanimously vote guilty on a less serious charge. *Id.*

Washington, on the other hand (along with several other jurisdictions), requires courts to give an "unable to agree" or "reasonable efforts" instruction. *See State v. Labanowski*, 816 P.2d 26, 27-28, 31 (Wash. 1991); *Davis*, 266 S.W.3d at 906 (surveying jurisdictions); *State v. Leblanc*, 924 P.2d 441, 445 (Ariz. 1996) (Martone, J., concurring in the judgment) (same). Such an instruction permits a jury to consider a less serious charge after making reasonable efforts (or some similarly phrased attempt) to reach a verdict on a more serious charge and finding itself unable to agree. The unable-to-agree instruction "facilitates the Government's chances of getting a conviction for something" by allowing juries to move to lesser offenses without hanging on the greater. *Tsanas*, 572 F.2d at 346. While the "acquittal first" produces a "clear acquittal," Judge Friendly opined that this was no advantage over the "unable to agree" instruction, because "regardless of the form of instruction," reprosecution of the greater "apparently is barred by the double jeopardy clause…" *Id.* at 346 n.7 (citing *Green* and *Price*).

### C. Controlling Precedent Establishes That Retrial on the Greater Charge Violates the Double Jeopardy Clause.

Addressing the same instruction at issue here, the Ninth Circuit in *Brazzel v. Washington*, 491 F.3d 976 (9th Cir. 2007), [5] held in unequivocal terms that "[u]nder federal law, an inability to agree with the option of compromise on a lesser alternate offense does not satisfy the high threshold of disagreement required for a hung jury and

---

[5] *Compare* Cantor Declaration Ex. 2, Instruction 14 *with Brazzel*, 491 F.3d at 979-80.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 9
(*Said Farzad*)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

mistrial to be declared." 491 F.3d at 984 (citing *Arizona v. Washington*, 434 U.S. at 509). The Ninth Circuit explained that a trial court must actually declare a "hung jury and mistrial" in order to open the door to retrial on a charge. *Brazzel*, 491 F.3d at 984. The Ninth Circuit further reasoned that the situation here does not satisfy the threshold of disagreement necessary to declare a hung jury and mistrial:

> The Supreme Court has characterized disagreement sufficient to warrant a mistrial as "hopeless" or "genuine" "deadlock." [*Arizona v. Washington*, 434 U.S. at 509.] . . . Genuine deadlock is fundamentally different from a situation in which jurors are instructed that if they "cannot agree," they may compromise by convicting of a lesser alternative crime and they then elect to do so without reporting any splits or divisions when asked about their unanimity.

*Id.* In the latter situation, the Ninth Circuit continued, "nothing in the record… indicates the jury's inability to agree was hopeless or irreconcilable – a manifest necessity permitting a retrial…." *Id.* at 985.

Applying *Brazzel* to Mr. Farzad's case inescapably leads to the conclusion that continuing with the second proceeding against Mr. Farzad on the greater offenses violates the Double Jeopardy Clause. As in *Brazzel*, the jury in Mr. Farzad's first trial was silent on the greater charges, but convicted on the lesser alternative charge. Cantor Declaration, Exs. 5 and 6. The judge did not inquire as to whether the jury was deadlocked on the greater charges, and the jury did not comment on its deliberations in that respect. Cantor Declaration, Ex. 7. The trial judge did not declare a mistrial on the greater charges, and the State did not request any further proceedings with respect to those charges. *Id.* In other words, the State was "given one complete opportunity to convict" on the greater charges and "[t]he jury declined to do so." *Brazzel*, 491 F.3d at 985.

As mentioned, two district courts in this district have already granted § 2241 petitions involving essentially identical facts. *See Daniels*, 2010 WL 56041 at *3 (concluding that to do otherwise "would ignore the binding statements in *Brazzel*");

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 10
(*Said Farzad*)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

*Glasmann*, dkt 39.  (The *Glasmann* court subsequently denied the State's motion for a stay pending appeal, dkt. 40; the State ultimately did not appeal.)  As also mentioned, in response to Glasmann's petition for certiorari to the United States Supreme Court, the State concurred in Glasmann's position that certiorari should be granted.  It argued that under current Ninth Circuit law, instructions approved by the Washington Supreme Court and deemed by that court not to create an implied acquittal, were treated by the Ninth Circuit as in fact creating an implied acquittal, such that federal courts were "'duty-bound' to grant relief in a habeas corpus proceeding under *Brazzel*[.]"  *Brief in Response*, 2015 WL 5439773, at *29.

Not only the State, but also the Washington Supreme Court, has agreed that Washington law on this topic "conflicted with a Ninth Circuit decision," referring to *Brazzel*.  *State v. Glasmann*, 349 P.3d 829, 834 (Wash. 2015).  The court stated, "The only harm Glasmann identifies is that because our precedent conflicts with Ninth Circuit precedent, he must file in federal court to obtain relief."  *Id.*  The court continued, "Although we recognize that a defendant who wishes to obtain relief will face the burden of filing in federal court, we find that degree of harm insufficient to overturn our precedent."  *Id.*  In short, although the Washington Supreme Court has held that the Double Jeopardy Clause does not bar retrial under these circumstances, it recognizes that the Ninth Circuit has held to the contrary.

**D. *Brazzel*'s Conclusion Follows from Supreme Court Precedent and Is Consistent with the Law in Other Jurisdictions.**

Not only is *Brazzel* binding, it was correctly decided.  The trial court – using all of its experience and expertise – "is in the best position to assess all of the factors which must be considered in making a necessarily discretionary determination whether the jury will be able to reach a just verdict if it continues to deliberate."  *Arizona v. Washington*, 434 U.S. at 509 n. 28 (1978).  Consequently, "[t]he decision whether to grant a mistrial is *reserved to* the 'broad discretion' of *the trial judge*[.]"  *Renico v. Lett*, 559 U.S. 766, 774

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 11
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

(2010) (emphasis added).  Absent such a declaration of mistrial, a defendant's jeopardy terminates at the end of trial.  *See Richardson v. United States*, 468 U.S. 317, 326 (1984) (it is "a trial court's declaration of a mistrial" that triggers this exception to the general bar against trying someone twice for the same offense).

A court may declare a mistrial only after "a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings."  *United States v. Jorn*, 400 U.S. 470, 485 (1971) (plurality opinion); *see also Arizona v. Washington*, 434 U.S. at 506 ("[W]e require a 'high degree' [of necessity] before concluding that a mistrial is appropriate").  In other words, trial judges may not declare a hung jury unless they reasonably conclude that the jury is "genuinely deadlocked."  *Id.* at 509.

In addition, the Ninth Circuit's decision in *Brazzel* is consistent with settled understandings of the Double Jeopardy Clause in numerous other jurisdictions.  Some such jurisdictions expressly assume – as Judge Friendly did in *Tsanas*, 572 F.2d at 346 n.7 – that jury silence on an offense, coupled with a conviction on a less serious charge, bars reprosecution for the offense.  For instance, in the Arizona Supreme Court's decision adopting the unable-to-agree approach, a concurring justice assumed that the unable-to-agree instruction would produce "compromise verdict[s], which deprive[] the state of a re-trial on the greater charge."  *LeBlanc*, 924 P.2d at 445 (Martone, J., concurring in the judgment).  Indeed, in subsequent cases, Arizona State has readily conceded that the Double Jeopardy Clause bars it from retrying defendants in such situations.  *See, e.g., State v. Rodriguez*, 7 P.3d 148, 151 n.4 (Ariz. App. 2000) ("The state has conceded that it cannot retry [the defendant] for aggravated DUI with a suspended license because it would 'clearly violate his double jeopardy rights'").

Furthermore, many other jurisdictions that have declined to adopt the unable-to-agree approach have done so in part because of the double jeopardy problems that they

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 12
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

believe arise under such a system. For example, the New York Court of Appeals has noted that when a jury given an unable-to-agree instruction convicts on an offense without returning a verdict on a more serious charge, "retrial on the greater offense would be barred under settled double jeopardy principles." *Boettcher*, 505 N.E.2d at 597 (citing *Green*). After discussing *Price*, the Connecticut Supreme Court similarly chose the acquittal-first approach over the unable-to-agree approach on the ground that it "avoids the double jeopardy problems that inhere in an instruction requiring only that the jury make a reasonable effort to arrive at a unanimous verdict on the charged crime before considering the lesser offenses." *State v. Sawyer*, 630 A.2d 1064, 1075 (Conn. 1993). The Alaska Supreme Court also approved the acquittal-first approach after the State pointed out that when a jury "convicts on the lesser included offense, the jury's silence on the greater charged offense would serve as an 'implied acquittal,' precluding the state from retrying the defendant on that offense." *Dresnek v. State*, 718 P.2d 156, 159 (Alaska 1986) (Rabinowitz, C.J., dissenting) (citing *Price*).

The Washington Supreme Court's decision allowing retrials based on jury silence runs afoul of these principles. Jury silence alone cannot establish the hopeless deadlock required for a hung jury. Only a trial judge may declare a mistrial on that basis. Put another way, a jury cannot "hang itself." *Glasmann*, 349 P.3d at 834 (Stephens, J., dissenting). Of course, this conclusion does not prevent Washington from using the unable-to-agree instruction; it may use whatever instructions it wishes. But if it uses that instruction, retrial on the greater charge is prohibited.

This case highlights the dangerous incentives that the Washington Supreme Court's rule creates. At Mr. Farzad's first trial, the State proposed the jury instruction that allowed conviction on charges not included in the Amended Information.[6] *See* 198

---

[6] The State proposed a felony "to convict" instruction containing the error that was the basis for reversal, namely a failure to identify the alleged victims, when there was evidence allowing the jury to convict based on an uncharged victim. Cantor Declaration, Ex. 13, Instruction 7. The court used that instruction verbatim (except for adding the words "threat to kill" when naming the crime in the first line), and used the identical language, other than changing

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 13
(*Said Farzad*)

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, Washington 98101
(206) 553-1100

1 Wash. App. 1018 at *3.  The State compounded this error by introducing evidence of
2 other acts that could result in conviction under this instruction.  The combination violated
3 Mr. Farzad's "constitutional right to notice and the opportunity to present a defense." *Id.*
4 As a result of this constitutional violation, the Washington court vacated Mr. Farzad's
5 misdemeanor conviction.  *Id*. Yet because of the Washington Supreme Court's
6 permissive construction of the Double Jeopardy Clause, the State was able to retry Mr.
7 Farzad not only for the misdemeanor crime of conviction but also for higher charge on
8 which the jury declined to convict.  This rule allowed the State to benefit from its own
9 misconduct by obtaining a second bite at the apple.  Worse yet, it allowed the State to
10 "use[] the first trial as a trial run of [its] case and adjust[] the second case accordingly."
11 (Stephens, J., dissenting).  *Glasmann*, 349 P.3d at 839.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated above, Mr. Farzad requests that this Court declare that any further proceedings on the charge of Felony Telephone Harassment would violate the Double Jeopardy Clause, and prohibit the State from continuing with those proceedings.

DATED this 1st day of December, 2017.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for Said Farzad
Federal Public Defender's Office
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
Jesse_Cantor@fd.org

---

the nature of the threat, in the misdemeanor "to convict" instruction. Cantor Declaration, Ex. 2, Instructions 6 and 11.

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS - 14
(*Said Farzad*)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**