# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SAID FARZAD,

    Petitioner,

  v.

SNOHOMISH COUNTY SUPERIOR COURT, ROBERT W. FERGUSON, Washington State Attorney General, MARK ROE, Snohomish County Prosecuting Attorney,

    Respondents.

CASE NO. 17-1805 MJP-BAT

**ORDER GRANTING MOTION TO STAY AND ENJOINING SNOHOMISH SUPERIOR COURT IN CASE NO. 14-1-01917-8**

Petitioner Said Farzad, who was found guilty by a state court jury but has not yet been sentenced, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Farzad alleges that subjecting him to a second trial and any further proceedings, including sentencing, violates the Double Jeopardy Clause. Dkt. 5. At Mr. Farzad's request and over the State's objections, the state trial court continued Mr. Farzad's sentencing until March 20, 2018 pending resolution of the instant petition. *See* Dkt. 21-1.

Respondents oppose the habeas petition on the merits and on the grounds that Mr. Farzad is not in custody; some of the respondents are not proper parties; and for failure to exhaust state judicial remedies. Dkt. 12 and Dkt. 14. In response to the failure to exhaust argument, Mr.

Farzad immediately filed a motion to dismiss on double jeopardy grounds in the state court and a motion to stay in this Court. In the alternative to a stay, Mr. Farzad seeks an order enjoining the Snohomish County Superior Court from proceeding to sentencing either while he exhausts state judicial remedies or if sentencing will otherwise occur before the Court has ruled on his petition. Dkt. 19. Mr. Farzad sought to have his state court motion to dismiss heard prior to sentencing so that if necessary, he can seek state appellate relief prior to sentencing. However, the State has convinced the state court not to hear the motion until the day of sentencing. Dkt. 24-2, Declaration of Paul W. Thompson. In light of Washington Supreme Court precedent, which is directly contrary to federal law, it is unlikely that Mr. Farzad's motion will be granted.

The motion to stay shall be granted and the Snohomish County Superior Court shall be enjoined from proceeding to sentencing pending an ultimate ruling on Mr. Farzad's federal habeas petition.

**FACTS OF THE CASE**

In September 2014, the State of Washington charged Mr. Farzad with one count of felony telephone harassment. The State later amended the complaint to include one count of threats to bomb property. As to Count I, the trial court instructed the jury on felony telephone harassment and lesser included offense of misdemeanor telephone harassment. At trial, the jury was unable to reach a verdict on felony harassment but found Mr. Farzad guilty of misdemeanor harassment. The jury deadlocked on the bomb threat charge, and a mistrial was declared on Count II. On appeal, the Washington Court of Appeals reversed the misdemeanor harassment conviction because the jury was given an erroneous to-convict instruction. *State v. Farzad*, 198 Wn. App. 1018, 2017 WL 1055729 (Mar. 20, 2017).

On remand, the State retried Mr. Farzad on the felony telephone harassment and threats to bomb charges. On October 5, 2017, the jury found Mr. Farzad guilty of felony telephone harassment and not guilty of threats to bomb. His sentencing was scheduled for December 12, 2017. Before his sentencing, Mr. Farzad filed his § 2241 petition herein on December 1, 2017. Dkt. 5. He claims that the second trial, verdict, and pending re-sentencing violate the Double Jeopardy Clause of the Fifth Amendment and he asks this Court to prohibit the state from proceeding with sentencing. *Id.* at 6.

Back in the state trial court on December 4, 2017, Mr. Farzad filed a motion to continue his sentencing pending his federal habeas corpus petition. The State opposed the motion, arguing that the trial court was required to sentence Mr. Farzad under Washington law and that his federal habeas petition would not be ripe until he was sentenced. The State also stated it was unlikely that Mr. Farzad would receive a term of incarceration. Dkt. 21-1 at 3. After the trial court continued Mr. Farzad's sentencing until March 20, 2018, the State sought interlocutory review of that order and filed a motion for immediate sentencing. The Washington Court of Appeals denied both requests. *Id.* at 7.

The prosecutor advised the trial court that he does not intend to ask for a term of incarceration. Dkt. 20 (citing Ex. 16 at 10 (state court record)).[1] Mr. Farzad then filed his motion to dismiss on double jeopardy grounds. *Id.* (citing Ex. 22 (state court record)). The

---

[1] Petitioner submitted Exhibits 1 through 13 (Dkt. 5) and Exhibits 23 and 24 (Exhibit 18); Respondents Mark Roe and Snohomish County Superior Court submitted Exhibit 25. The Court does not have any exhibits numbered 14-22.

motion will not be heard until the day of sentencing, on March 20, 2018.  Dkt. 24, Exhibit 2 (Declaration of Paul Thompson).

**DISCUSSION**

Mr. Farzad requests a stay if this Court requires him to exhaust his state judicial remedies before ruling on his petition or if sentencing will otherwise occur before the Court has ruled on his petition. Dkt. 18.  The Court turns first to the question of exhaustion.

**A.    Exhaustion of State Judicial Remedies**

A § 2254 petitioner must first exhaust those state remedies available to him before bringing a habeas petition claiming double jeopardy in federal court.  *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir.1983), *Greyson v. Kellam*, 937 F.2d 1409, 1412–13 (9th Cir.1991).  However, Mr. Farzad has filed a § 2241 petition and as discussed further herein, this difference comes with a distinction.  In addition, Mr. Farzad contends that requiring him to exhaust his state judicial remedies would be futile.

Clearly, Mr. Farzad has not yet exhausted his state judicial remedies as he has not yet been sentenced.  As previously noted, he filed a motion to dismiss, which the trial court will not hear until the day of sentencing. Moreover, with regard to the issue at the heart of Mr. Farzad's double jeopardy claim, Washington Supreme Court precedent is directly contrary to that of the federal courts. In his motion to dismiss, Mr. Farzad seeks to "give the Washington Supreme Court an opportunity to revisit *Glasmann*."  Dkt. 20 at 6 (citing Ex. 22 at 3 (trial court record)). In *State v. Glasmann*, the Washington Supreme Court ruled just two years ago, in a 6 to 3 decision, that if (1) the state charges a person with greater and lesser offenses and the jury is unable to agree regarding the greater offense but finds the defendant guilty of the lesser offense

and (2) the defendant's conviction for the lesser offense is reversed on appeal, then the State may retry the defendant for the greater offense without violating double jeopardy. *State v. Glasmann*, 183 Wn.2d 117, 119 (2015).[2] As Mr. Farzad's case appears to fall squarely within these parameters, it is highly unlikely he will succeed on his double jeopardy claim in state court. Under these circumstances, Mr. Farzad argues that requiring him to exhaust his state judicial remedies would be futile. The Superior Court will be bound to reject his double jeopardy claim under *Glasmann* which, to a state court, is directly on point. Mr. Farzad will then have to seek interlocutory review in the Washington Court of Appeals and, unless the Superior Court grants another continuance, will also have to file an emergency motion for a stay to prevent his sentencing in the interim. After the Court of Appeals rejects his double jeopardy claim under *Glasmann*, he will have to seek discretionary review in the Washington Supreme Court. Since that court addressed this same issue so recently in *Glasmann* and ruled solidly against Mr. Farzad's position, that step, too, will most likely be futile.

Requiring exhaustion of state remedies under these circumstances is contrary to the rationale underlying the doctrine of exhaustion, which is aptly described by the Supreme Court as a "judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (citation omitted).

---

[2] Mr. Glasmann's federal petition for habeas corpus was granted on January 25, 2016. *See Glasmann v. Pastor*, Case 3:15-cv-5924RJB, Dkt. 27.

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 5

Although the Ninth Circuit has recognized a futility exception to the exhaustion requirement, *see Matias v. Oshiro*, 683 F.2d 318, 320-21 (9th Cir. 1982) (citing *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981)) ("petitioner need not exhaust state remedies which would clearly be futile"), it has also drawn back from that position in light of *Engle v. Isaac*, 456 U.S. 107 (1982) (involving 28 U.S.C. § 2254), at least with regard to statutory exhaustion requirements. *See Noltie v. Peterson*, 9 F.3d 802, 805-06 (9th Cir. 1993). *Cf. Booth*, 532 U.S. at 741 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). However, under § 2241, exhaustion is a prudential, rather than statutory, requirement. *Cf. Santiago-Lugo*, 785 F.3d at 474. ("Congress said nothing at all in § 2241 about exhaustion, which is a judge-made requirement."). Additionally, in § 2241 habeas cases, district courts may waive the exhaustion requirement where pursuit would be futile.

Futility shall dispense with the exhaustion requirement in this § 2241 case. In addition, because the state court sentencing is less than three weeks away, the Court will temporarily enjoin the state court from proceeding with sentencing until this Court has an opportunity to rule on Mr. Farzad's petition.

**B.    Stay of Sentencing**

In determining whether a stay of Mr. Farzad's state court sentencing is proper, the Court looks to both the Anti-Injunction Act and the *Younger* Doctrine.

**1.    Anti-Injunction Act**

The Anti–Injunction Act ("the Act") states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2000). One of the limited exceptions to the Act is when a federal statute explicitly permits a federal court to enjoin a state proceeding. *Mitchum v. Foster*, 407 U.S. 225, 226 (1972). The federal habeas statute, 28 U.S.C. § 2251 ("Section 2251"), is one of the few statutes that authorizes a federal court to stay proceedings in state court. *See e.g.*, *McFarland v. Scott*, 512 U.S. 849 (1994). However, it is well-recognized that a court should only grant a stay if substantial grounds are present upon which relief might be granted. *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir. 1998) (citing *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983)). The Supreme Court has explained that in establishing that substantial grounds are present:

> obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot*, 463 U.S. at 893 n.4 (citation and internal quotes omitted). Here, each of these circumstances exist.

Under federal law – which directly conflicts with the Washington Supreme Court's decision in *Glasman* – the Fifth Amendment's Double Jeopardy Clause prohibits retrial after an acquittal, whether express or implied by jury silence. *Brazzel v. Washington*, 491 F.3d 976, 981 (9th Cir. 2007) (citing *Green v. United States*, 355 U.S. 184, 191 (1957)). "An implied acquittal occurs when a jury returns a guilty verdict as to a lesser included or lesser alternate charge, but remains silent as to other charges, without announcing any signs of hopeless deadlock." *Id.* at 981. Mr. Farzad contends that his claim is squarely controlled by *Brazzel*, where it was held that it is improper to discharge a jury after a verdict on a lesser offense without inquiring whether the

jury was deadlocked on the charged offense. *Id.* at 984. In *Brazzel*, the trial court made no determination of "hopeless" or "genuine" "deadlock," did not declare a mistrial, and the conviction on the lesser offense was later reversed for unrelated reasons. These circumstances represent an implied acquittal and retrial is prohibited. "In contrast to an implied acquittal, retrial is permitted where there is a mistrial declared due to the 'manifest necessity' presented by a hung jury." *Id.* at 982 (citing *United States v. Perez*, 22 U.S. 579, 580 (1824)). "A hung jury occurs when there is an irreconcilable disagreement among the jury members." *Id.* The record should reflect that the jury is "genuinely deadlocked." *Richardson v. United States*, 468 U.S. 317, 324 (1984).

In Mr. Farzad's first trial, the jury was unable to reach a verdict on Count I (felony telephone harassment) and found Mr. Farzad guilty of the lesser included misdemeanor telephone harassment, a charge which was later reversed on appeal. As to Count II (threats to bomb), the jury was deadlocked, and the trial judge declared a mistrial. In Mr. Farzad's second trial, the jury found him guilty on Count I (felony telephone harassment) and not guilty on Count II (threats to bomb). There is no question that as to Count II, there was a deadlock, a mistrial was declared, and the State was free to retry Mr. Farzad. As to Count I, Mr. Farzad argues that he was impliedly acquitted, such that retrial was not permitted. The trial record is as follows:

> Verdict Form A: Left blank.
>
> Verdict Form B: We, the jury, find the defendant, Said Farzad, guilty of the lesser crime of telephone harassment.
>
> Verdict Form C: Left blank.
>
> THE COURT: All right. Counsel, I don't know if either of you would like to have the jury polled.

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 8

| | |
|---|---|
| 1 | Because Verdict Form C was left blank, I'm prepared to enter a mistrial and direct a new trial as to Count II, threats to bomb, since the jury, by the verdict form at least at this point, has been unable to reach a decision. |
| 2 | |
| 3 | If you'd prefer, I'll be happy to inquire if, with further deliberations, they may be able to reach a verdict on that count. |
| 4 | |
| 5 | MR. OKOLOKO: Your Honor, the State's preference is that you inquire. |
| 6 | THE COURT: All right. Let me ask the jury foreman, without disclosing how the jury has voted, because that verdict form was left blank, I understand, and your instructions indicated that if you couldn't reach a decision, then to leave that form blank. |
| 7 | |
| 8 | Because there is a requirement of unanimity, that all people agree, my question is whether, with further deliberation, there's any realistic possibility that the jury could reach a decision one way or the other on that Count II. |
| 9 | |
| 10 | |
| 11 | JUROR 9: Your Honor, I do not believe that with further examination and further discussion we would reach the unanimity required. |
| 12 | THE COURT: All right. |
| 13 | Does anyone else on the jury disagree with your foreman's assessment of the likelihood of reaching a decision as to Count II? |
| 14 | |
| 15 | I see no hands. Everyone looks either in agreement or perplexed. |
| 16 | So, with that, I will declare a mistrial with respect to Count II. I'll accept the jury's verdict as to Count I the conviction on the lesser offense. |
| 17 | But, again, *if any of you would like to have the jury polled as to that verdict, I can do so*. |
| 18 | |
| 19 | MR. OKOLOKO: Not from the State, Your Honor. |
| 20 | MR. PENCE: No, Your Honor. |

Dkt. 5-3 at 42-44 (emphasis added).

The State argues that because the judge offered, and Mr. Farzad's counsel declined, to have the jury polled as to Count I, Mr. Farzad has now waived his right to complain that his

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 9

constitutional rights have been violated. However, the judge asked if counsel wanted "to have the jury polled as to that verdict" – that is, the guilty verdict on Count 1 (the lesser included offense). The trial court did not conduct any inquiry as to the greater offense.

Under federal law, an inability to agree on the greater offense with the option of compromise on a lesser alternate offense does not satisfy the high threshold of disagreement required for a hung jury and mistrial to be declared. *See*, *e.g.*, *Arizona v. Washington*, 434 U.S. 497, 509 (1978). The Supreme Court has characterized disagreement sufficient to warrant a mistrial as "hopeless" or "genuine deadlock." *Id*. ("[T]he trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial."). Genuine deadlock is fundamentally different from a situation in which jurors are instructed that if they "cannot agree," they may compromise by convicting of a lesser alternative crime, and they then elect to do so without reporting any splits or divisions when asked about their unanimity. *Brazzel*, 491 F.3d at 984.

Here, the jury was discharged based on its silence after an "unable to agree" instruction without a determination of a hopeless deadlock. Thus, the Court concludes that the question of whether it is a violation of the Double Jeopardy Clause to sentence Mr. Farzad on the felony telephone harassment charge is debatable among reasonable jurists, could be resolved differently than the way the Washington Supreme Court has resolved the issue, and raises questions which deserve to proceed further.

### 2. *Younger* Doctrine

The Court must also consider whether enjoining Mr. Farzad's state criminal proceedings would violate the *Younger* abstention doctrine. The *Younger* doctrine arises from the Supreme

Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger*, the Supreme Court reversed a federal court's decision to enjoin a state criminal prosecution because the decision violated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id*. at 41.  The Court based its decision on the established doctrine that a court of equity should not interfere with a state criminal prosecution when the moving party has an adequate remedy available and would not suffer irreparable injury. *Id*. at 43-44.  Moreover, the Court stated that it coupled this consideration with "an even more vital consideration, the notion of 'comity,' that is a proper respect for state functions." *Id*. at 44.

A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger*.  *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir.1992), *cert. denied*, 506 U.S. 1048, 113 S.Ct. 964, 122 L.Ed.2d 121 (1993).  Federal courts may entertain pretrial petitions for a writ of habeas corpus that raise a colorable claim of double jeopardy before a final judgment is rendered in a state court.  *See id*.; *Hartley*, 701 F.2d at 781. This case is unusual in that Mr. Farzad has gone through a second trial up to a jury verdict and in most cases, petitioners are raising their double jeopardy claims before trial or after conviction. However, "[t]he object of the double jeopardy clause is to protect a defendant who has once been convicted and punished or acquitted for a particular crime from the risk of further punishment by being tried *or sentenced anew* for the same offense." *United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir. 1983) (emphasis added).

The State contends that Mr. Farzad will not be irreparably harmed by having to proceed to sentencing – even if that sentencing is unconstitutional – because he will not be differently situated than any other petitioner who claims that the proceedings against him violated his

constitutional rights. In fact, the State argues, Mr. Farzad may be better off because it is "unlikely" he will be sentenced to incarceration.[3] On the other hand, the State argues that without this Court's intervention, the state case can proceed to sentencing and the state court's decisions can enjoy the more deferential standards of 28 U.S.C. § 2254, rather than § 2241. *See* Dkt. 12 at 10-12. "It is only this court's intervention that would justify a more intrusive standard of review." *Id.* at 11. The State made a similar argument before the Washington Court of Appeals which was rejected:

> . . . The State argues that pre-sentencing federal review may be subject to a more favorable standard than that for post-sentencing review. But this argument appears inconsistent with the State's other argument that Farzad's habeas corpus petition is premature and will likely fail. Also, the State fails to explain why Farzad may not seek pre-sentencing federal review if it is more favorable to him than post-sentencing review. As Farzad points out, the double jeopardy clause is designed in part to protect defendants from the "embarrassment, expense and ordeal" of going through proceedings.

Dkt. 21-1 at 6.

Double jeopardy rights are unique because a defendant is entitled to pretrial resolution of double jeopardy claims, as held by *Abney v. United States*, 431 U.S. 651 (1977), and to federal court interference with ongoing state proceedings, as an exception to the *Younger* doctrine, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Although there does not appear to be a case directly addressing a scenario where an defendant has been tried but not yet sentenced, the Ninth Circuit does protect against "being tried or sentenced anew for the same offense," *United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir. 1983), and "against a second prosecution for

---

[3] As previously noted, the prosecutor indicated that he will not seek a term of incarceration. However, it is not known whether the trial judge can or will follow that recommendation.

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 12

the same offense after acquittal," *United States v. Brooklier*, 637 F.2d 620, 621 (9th Cir. 1980). Certainly sentencing and judgment are part of a prosecution and fall within the protection of the Double Jeopardy Clause.

The only harm identified by the State is a delay in sentencing. However, Mr. Farzad was initially charged on September 26, 2014, so the State has already waited over three years to sentence Mr. Farzad. Mr. Farzad has been on his own recognizance since he was charged and he is not a flight risk or a threat to the community. On the other hand, "[s]ociety has no interest in maintaining an unconstitutional conviction[.]" *Brown v. Allen*, 344 U.S. 443, 548 (1953) (Jackson, J., concurring), *overruled on other grounds*, *Townsend v. Sain*, 372 U.S. 293 (1963).

Mr. Farzad will incur irreparable harm if the state proceedings are not enjoined and his circumstances constitute an exception to the *Younger* abstention doctrine.

Accordingly, it is **ORDERED:**

1) Mr. Farzad's motion to stay (Dkt. 19) is **GRANTED**;

2) The Snohomish County Superior Court is hereby enjoined from proceeding to sentence or judgment in Case No. 14-1-01917-8 until further notice from this Court.

3) The Clerk of Court is directed to send copies of this Order to the parties and to Judge Tsuchida.

DATED this 8th day of March, 2018.

Marsha J. Pechman
United States District Judge

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 13

**RECOMMENDED FOR ENTRY**
**this 7th day of March, 2018:**

_/s/ Brian A. Tsuchida_
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY AND
ENJOINING SNOHOMISH SUPERIOR COURT IN
CASE NO. 14-1-01917-8 - 14