UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAID FARZAD, <br><br> Petitioner, <br><br> v. <br><br> SNOHOMISH COUNTY SUPERIOR COURT, <br><br> Respondent. | CASE NO. C17-1805-MJP-BAT <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION; <br> MODIFYING CASE CAPTION; <br> AND GRANTING WRIT OF HABEAS CORPUS |

THIS MATTER comes before the Court on Respondents' Objections (Dkt. No. 28) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 27.) Having reviewed the Report and Recommendation, the Objections, the Response (Dkt. No. 30) and all related papers, the Court ADOPTS the Report and Recommendations and GRANTS Petitioner's 28 U.S.C. § 2241 Petition.

**Background**

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 27.) Respondents raise three objections to the Report and Recommendation: (1) Respondents object to Magistrate Judge Tsuchida's conclusion that the

state court proceedings violated Petitioner Said Farzad's Double Jeopardy rights, and object to the recommendation that Petitioner's habeas corpus petition be granted; (2) Respondents object to the inclusion of Respondents Mark Roe and Robert Ferguson in the caption of the Proposed Order and Proposed Judgment; and (3) Respondents contend that Petitioner is required to exhaust state remedies. (Dkt. No. 28 at 1-2.)

## Discussion

### I. Legal Standard

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

### II. Respondents' Objections

#### A. Double Jeopardy

Respondents object to the Report and Recommendation's finding that Petitioner's retrial, after the jury was unable to reach a verdict on Count I, violated Double Jeopardy. (Dkt. No. 28 at 2-5.)

The Report and Recommendation indicate that, while the jury expressly declared that they were deadlocked as to Count II, they did not do so as to Count I. (Dkt. No. 27 at 7-8.) The trial court did not make further inquiry or finding as to whether the jury was deadlocked on Count I. (Id. at 8.) Respondents contend that when Petitioner rejected the trial court's offer to do so, he "acquiesced" in the jury's discharge and provided "implied consent" such that retrial was permitted. (Id. at 3.)

After review of the Report and Recommendation and all related papers, the Court concludes that Petitioner's retrial violated Double Jeopardy. In Brazzel v. Washington, the Ninth Circuit held that "[a]n implied acquittal occurs when a jury returns a guilty verdict as to a lesser included or lesser alternate charge, but remains silent as to other charges, without announcing any signs of hopeless deadlock." 491 F.3d 976, 981 (9th Cir. 2007). That is precisely what occurred here. Petitioner's failure to affirmatively request that the trial court question the jurors as to whether they were genuinely deadlocked on Count I does not constitute "acquiescence" or "implied consent" allowing for retrial. Further, contrary to Respondents' suggestion, Petitioner's agreement to the use of the "failure to agree" instruction does not constitute "waiver" of the implied acquittal as this is the proper instruction in Washington. Daniels v. Pastor, No. C09-5711BHS, 2010 WL 56041, at *4 (W.D. Wash. Jan. 6, 2010) (citation omitted).

The Court concludes that Petitioner's retrial on Count I violated Double Jeopardy.

### B. Dismissal of Mark Roe and Robert Ferguson

Respondents object to the Report and Recommendation's inclusion of Respondent Mark Roe and Robert Ferguson on the Proposed Order and Judgment. (Dkt. No. 28 at 5.) Magistrate Judge Tsuchida recommended that these Respondents be dismissed from the action, as neither has custody over or supervises Petitioner. (Dkt. No. 27 at 5-6); see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).

The Court concludes that Respondents Roe and Ferguson should be dismissed from this action, and modifies the caption on the Proposed Order and Proposed Judgment, entered herewith, accordingly.

1         **C. Exhaustion of State Remedies**

2     Respondents object to the Report and Recommendation's finding that Petitioner need not

3 exhaust state judicial remedies before claiming Double Jeopardy in federal court. (Dkt. No. 28 at

4 5-6.) In its Order staying further proceedings and sentencing, the Court previously found that,

5 under the precedent established by State v. Glasmann, 183 Wn.2d 117, 119 (2015), it was

6 "highly unlikely" that Petitioner would succeed on his Double Jeopardy claim in state court, such

7 that requiring him to exhaust his state judicial remedies would be "futile." (See Dkt. No. 26 at 5-

8 6.)

9     The Court concludes that, for the reasons discussed in its prior Order, futility dispensed

10 with the exhaustion requirement in this § 2241 case.

**Conclusion**

12     The Court, having reviewed the Report and Recommendation of United States Magistrate

13 Judge Brian A. Tsuchida, the Objections, the Response, and all related papers, ORDERS as

14 follows:

15   (1) The Report and Recommendation is ADOPTED;

16   (2) The case caption is AMENDED to remove Respondents Mark Roe and Robert Ferguson;

17   (3) The 28 U.S.C. § 2241 petition (Dkt. No. 5) is GRANTED. Further proceedings against

18       Said Farzad on the charge of Felony Telephone Harassment in Snohomish County Case

19       No. 14-1-01917-8 would violate the Double Jeopardy Clause and are prohibited, and;

20   (4) The Clerk of Court is directed to send copies of this Order to the Snohomish County

21       Superior Court, to Judge Tsuchida, and to all counsel.

Dated May 3, 2018.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION; MODIFYING CASE CAPTION; AND GRANTING WRIT OF HABEAS CORPUS - 5